# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1234V
### Filed: November 21, 2018
UNPUBLISHED

|  |  |
|---|---|
| OFILIA ARECHIGA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 12, 2017, Ofilia Arechiga ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on November 1, 2016. Petition at 1, ¶2. On October 11, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 37.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 26, 2018, petitioner filed a motion for attorney's fees and costs.  ECF No. 40.   Petitioner requests attorney's fees in the amount of $12,313.00 and attorney's costs in the amount of $432.56.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 40-1.  Thus, the total amount requested is $12,745.56.

On November 1, 2018, respondent filed a response to petitioner's motion.  ECF No. 41.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 1, 2018, petitioner filed a reply.  ECF No. 42.   "Petitioner concurs with Respondent's recommendation that Chief Special Master Dorsey exercise her discretion and determine a reasonable award for attorney fees in this case."  *Id.* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request.  The undersigned finds that the request for attorney fees be reduced for the reason listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.     Discussion

### A.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3 hours was billed by the attorney and paralegal on tasks considered administrative.  Examples of these entries include[3]:

- January 5, 2017 (0.10 hrs) "Copied on email to admin to open file in all systems"
- January 27,2017 (0.10 hrs) "Prepare payment to Marian Regional Medical Center ($5.00) for 10 pages of records"
- July 24, 2017 (0.30 hrs) "Receipt of check #34318 from the accounting dept. for $20.00 for MR from Coast Neuro. Scanned and saved check to the client's fie. Mailed the check to Coast Neuro"
- September 22, 2017 (0.10 hrs) "Receipt of Court's Notice re STATEMENT of Completion by (Meyers, Nancy)"
- February 9, 2018 (0.20 hrs) "Receipt of two Court notices for the record and exhibit list. Saved notices and downloaded court stamped document"
- October 24, 2018 (0.10 hrs) "Receipt of signed general order #9 statement. Reviewed, scanned and saved to client's file"

ECF No. 40-2 at 5, 11, 16, 20, 24 and 28

Thus, the undersigned reduces the request for attorney's costs by $573.00.[4]

## III.     Attorney Costs

Petitioner requests reimbursement for costs incurred in the amount of $432.56. ECF No. 40 at 1.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

---

[3] These are merely examples and this list is not exhaustive.

[4] This amount consists of (2.5 hrs x $145 per hour = $348) + (0.5 hrs x $350 per hour = $175) = $573.00.

3

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorney's fees and costs.

**Accordingly, the undersigned awards the total of $12,172.56[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Nancy Routh Meyers.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.